UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CRIM. NO. 1:20-CR- 47 (7) RP |
| | § | |
| Matthew Walter KITE, | § | |
| Defendant. | § | |

## DEFENDANT MATTHEW KITE'S SENTENCING MEMORANDUM

TO THE HONORABLE ROBERT PITTMAN:

Comes now Matthew Kite, Defendant, and submits this *Sentencing Memorandum* for the Court's consideration in determining a fair and appropriate sentence in this matter.

### Introduction

On May 25, 2021 Defendant Matthew Kite plead guilty to the single count of the Superseding Information, admitting that on September 17, 2017 he conspired and agreed with others to distribute methamphetamine, in violation of 21 U.S.C. §846 and §841(a)(1) and (b)(1)(C). He now comes before the Court for sentencing.

Mr. Kite was initially arrested and charged with this offense in state court. As a result, Mr. Kite plead guilty to Possession of a Controlled Substance and was sentenced to 5 years in the Texas Department of Corrections; he was paroled after serving 3 years and subsequently charged again by sealed indictment for the same conduct in this cause.

As directed by 18 U.S.C. §3553(a), the Court is tasked with "imposing a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" by the federal sentencing guidelines manual. For the reasons outlined below, Mr. Kite respectfully asks the Court to consider granting the downward departure identified in the Presentence Investigation Report, as well as a

*USA v. Kite* - Sentencing Memorandum          1

downward variance based on the §3553 factors and sentencing him to 2 years imprisonment, with a recommendation of a residential drug abuse program, followed by 3 years of supervised release to include specific conditions requiring Mr. Kite to follow treatment recommendations for his mental health diagnosis.

### The Nature and Circumstances of the Offense

Among the factors the Court must consider in determining an appropriate sentence for Mr. Kite is the nature and circumstances of the instant offense. 18 U.S.C. §3553(a)(1). At 16 years old, Mr. Kite began self-medicating with methamphetamines to deal with an undiagnosed mental illness and a chaotic and turbulent home life. When Mr. Kite was 13 years old, he was introduced to one of his co-defendants, Shadrick Croxton, by his mother. Mr. Kite's subsequent drug use brought him back into contact with Mr. Croxton at a time when Mr. Croxton and numerous other individuals were unknowingly being investigated as part of the Drug Enforcement Agency's broader investigation of a drug trafficking organization led by co-defendant Maria Teresa Benitez-Ugarte.

On the date of the offense at issue, Mr. Kite was the passenger in a vehicle driven by Mr. Croxton. When local law enforcement attempted to detain Mr. Croxton, he drove away and evaded capture. However, shortly thereafter, a bystander brought law enforcement to a bag abandoned in the road. The bag contained illegal drugs, a cell phone and a loaded firearm. The bag was subsequently identified by multiple subjects as belonging to Mr. Croxton and Mr. Croxton's fingerprints were found on the cell phone. However, Mr. Croxton told the police that the bag and its contents belonged to Mr. Kite, as Mr. Croxton had connected Mr. Kite with his supplier and Mr. Kite was delivering the drugs in the bag to a CS when the police intercepted them. Mr. Kite told the police that the drugs were his and admitted that he threw the bag out the window when the police began chasing them.

Mr. Kite was 19 years old at the time, unemployed and for all intents and purposes,

homeless. He had never previously purchased more than a few ounces of methamphetamine allegation, nor is there any allegation that he had ever previously purchased or attempted to sell any large quantity of an illegal drug. This was the first and only instance where Mr. Kite was suspected of any type of drug activity other than personal use.

### The History and Characteristics of the Defendant

Another factor for the Court to consider under 18 U.S.C. §3553(a)(2) is the history and characteristics of the defendant. It is important to note again that Matthew Kite was just 19 years old when he was arrested for the instant offense. Despite a tumultuous childhood, an undiagnosed mental illness and a serious addiction issue, he had no prior criminal history and was and is by all accounts a kind and generous young man. He is described by family and friends as quick to help anyone in need. (see attached Exhibits)

Meghann Kite describes her son as friendly, loving and kind person who has always put the needs of others first (Exhibit __). No one worried about Matt because he was always the one taking care of everyone else. He was a good athlete and loved playing football, but he struggled in school. He was eventually diagnosed with dyslexia and ADHD and enrolled in special education classes, but sadly Matt did not always receive the support and supervision he needed because as Meghann Kite admits, she and Matt's father are both addicts. Meghann Kite was able to get clean and remains clean today (although Matt's father sadly is not), but in Matt's formative years Meghann struggled with addiction. As a result, Matt was placed with family or in foster care on multiple occasions and was exposed to drug use and addicts (some with extensive criminal histories like Mr. Croxton). Matt began exhibiting signs of major depression and anger, which manifested as behavioral problems at school. Although he was later properly diagnosed with bi-polar disorder in jail, after his arrest for the instant offense, as a young teen he was given Adderall, a stimulant/amphetamine prescribed for his

*USA v. Kite* - Sentencing Memorandum          3

ADHD. It was a short leap for Matt to begin self-medicating with methamphetamine, but no one noticed until long after he dropped out of school at 16, never getting farther than the 10th grade. Meghann was still struggling with her own addiction then and did what she could for Matt, but unfortunately, he became re-acquainted with a bad crowd and these associations eventually led to his arrest.

However, despite his worsening depression and increasing drug use, Matt's character was still obvious to his family and friends, and he would often help them, even though he could never help himself. A great example is offered by Jillian Ramirez, Matt's best friend from high school. As she details in the attached correspondence (Exhibit __), Matt encouraged her *daily* to stay in school, even after he himself had dropped out. He supported her emotionally and at times, financially, to keep her in school and on track. She credits Matt with getting her through high school and into college.

True to the man Matt really is, Mr. Kite has accepted full responsibility for his actions not once, but twice. He has never blamed anyone but himself and his poor choices for his current predicament. He is not bitter about his circumstances and knows his parents have their own demons. Although his father continues to struggle, his mother got clean shortly after Matt was arrested and she now has a great job and is raising his siblings in a safe and loving environment. This inspires Matt to stay clean and make better choices in the future and he intends to live with his mother upon his release from custody. Matt now recognizes the importance of taking his psychiatric medications, in addition to remaining clean, and recognizes that they are necessary to live a productive, drug-free life.

### The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, Promote Respect for the Law and Provide Just Punishment for the Offense

*USA v. Kite* - Sentencing Memorandum          4

The Court is likewise required under 18 U.S.C. §3553(a)(2)(A) to impose a sentence that reflects the seriousness of the offense, promotes respect for the law and provides just punishment for the offense. Prior to the instant offense, Mr. Kite had untreated mental illness and addiction, but no history of criminal conduct. As a result of his decision to affiliate with individuals not only using but distributing drugs, at 22 years old Mr. Kite is now a twice convicted felon, without a high school diploma (or GED). He has already served more than 3 years in prison for drug possession – a serious but non-violent offense - and he is about to receive additional prison time. Between his incarceration and supervised release, Mr. Kite stands to lose a decade or more of his young life to this decision, which seems to be a sufficient punishment for his crime.

### The Need for the Sentence Imposed to Afford Adequate Deterrence to Criminal Conduct

The Court is instructed by 18 U.S.C. 3553(a)(2)(B) to consider the need for the sentence imposed on the defendant to afford adequate deterrence to criminal conduct. Again, prior to the instant offense, Mr. Kite's life was challenging, and he struggled with many demons, but he had no criminal convictions. And while his options were limited by his lack of education, he was employable. He had no restrictions on where he could live (other than financial constraints), and he was eligible for public assistance if he needed it. He now stands convicted of 2 serious felonies and has spent the majority of the last 4 plus years incarcerated. His employment prospects are further diminished, and he will need to live with his mother upon his release. Mr. Kite's extended loss of liberty, his limited prospects for future employment and his inability to provide for himself will surely deter similarly situated individuals from making Mr. Kite's poor choices and violating this law.

### The Need for the Sentence Imposed to Protect the Public from
### Further Crimes of the Defendant

The Court is further instructed by 18 U.S.C. §3553(a)(2)(C) to consider the need to protect the public from further crimes of the defendant when imposing sentence. Again, prior to the instant offense, Mr. Kite did not engage in criminal activity - he did not deal drugs, nor did he conspire with others to deal drugs. As his family and friends have attested, Mr. Kite was a kind and generous young man with a good character that made some poor choices, for which he has repeatedly accepted responsibility. He now understands the importance of treating his mental illness and the interplay between mental illness and substance abuse, an insight that came after his second arrest. [1]There is nothing about Mr. Kite or the circumstances of this offense that suggest that Mr. Kite will commit future criminal offenses, especially if he receives substance abuse and mental health treatment.

### The Need for the Sentence Imposed to Provide the Defendant with Needed
### Educational and Vocational Training, Medical Care or Other Correctional Treatment
### in the Most Effective Manner.

For Mr. Kite in particular, the requirement of 18 U.S.C. §3553(a)(2)(D) for the Court to consider the need for the sentence to provide the defendant with needed educational and vocational training, medical care or other correctional treatment in the most effective manner, is crucial. While Mr. Kite can certainly obtain his GED in prison, the most effective and humane treatment for his mental health and addiction issues does not lie in prison. Mr. Kite was fortunate to finally be diagnosed with bi-polar disorder while incarcerated in the Williamson County jail. He was even more fortunate to be prescribed medication to treat his illness, which not only eased the symptoms of this debilitating disease (including impulsivity and poor judgment) but helped address the underlying

---

[1] It should be noted that the video of the second arrest show that Mr. Kite was not driving his own car and the car was full of clothes and other items. A BB gun and drug paraphernalia were found in the car and a small of amount of methamphetamine was found on Mr. Kite. Mr., Kite acknowledged those to be his drugs but in fact denied knowledge of drugs found in the parking lot. This was misreported in the offense report of the arrest.

*USA v. Kite* - Sentencing Memorandum          6

triggers that led to Mr. Kite self-medicating with methamphetamine in the first place. Tragically, Mr. Kite was denied these medications when he was sent to state prison, so it is hardly surprisingly that, shortly after his release on parole, without medication or substance abuse treatment, Mr. Kite relapsed and began self-medicating with illegal drugs again.  Such an occurrence is not unique to Mr. Kite. A 2015 study by the Urban Institute found that approximately 56% of state prisoners, 45% of federal prisoners and 64% of inmates in local jails have serious mental health issues[2] yet, prisons remain ill-quipped and/or unwilling to properly treat them. Mr. Kite has been in federal custody for months and is still not receiving medication as of this date. The most effective treatment for Mr. Kite's mental health issues lies in the community.

Mr. Kite's addiction issues will likewise be treated most effectively by maintaining his medication regiment and participating in a residential drug abuse program, as opposed to prison where illegal drugs are readily available to vulnerable individuals.

### The Kinds of Sentences Available

Under 18 U.S.C. §3561 Mr. Kite is eligible for probation, as this is a Class C felony; however, per the Sentencing Guidelines, Mr. Kite is not eligible for probation because his guideline range (even if corrected per defense objection) is in Zone D. see USSG §5B1.1, comment (n.2). Mr. Kite must be sentenced to a term of incarceration.

### The Sentencing Guidelines Range

Although 18 U.S.C. §3553(a)(4) requires the Court to consider the Sentencing Guidelines range of punishment, the guideline range is merely advisory, and the Court is not bound by it. Once the Court has calculated the appropriate guideline range, the Court can and should look to all of the

---

[2] The Processing and Treatment of Mentally Ill Persons in the Criminal Justice System: A Scan of Practice and Background Analysis, Urban Institute, March, 2015

factors laid out in §3553(a) to determine whether a sentence outside the guideline range is warranted.

The Presentence Investigation Report and Addendum calculate the Total Offense Level as 31 with a Criminal History Category of 1, making guideline range 108-135 months. For the reasons outlined below, we respectfully request that the Court find the proper Total Offense Level is 29, with a punishment range of 87-108.

### Objections to the Presentence Investigation Report and Addendum

As noted in the second addendum to the Pre-sentence Investigation Report ("PSR"), Defendant objects to the conclusion in ¶ 34 of the PSR relating to Defendant's possession of a dangerous weapon, which caused his offense level to increase 2 levels pursuant to U.S.S.G. 2D1.1(b)(1).

Specifically, the PSR increases Defendant's Offense Level by 2 levels for the specific offense characteristic of "possessing" a loaded firearm. As noted in ¶ 27 of the PSR and again above, Defendant admitted to throwing a bag from the vehicle, as co-defendant Shadrick Croxton fled from police. Defendant subsequently claimed ownership of the bag, which he said he knew to contain narcotics, but he never claimed knowledge or ownership of the bag's other contents, including the gun.

Again, ¶ 23 of the PSR cites that as part of their investigation, the police concluded that the bag in fact belonged to Mr. Croxton, who was known to carry it, and as ¶ 27 of the PSR further notes, the police did a fingerprint analysis of the bag's other contents and found fingerprints matching Mr. Croxton, a known drug dealer with documented connections to the drug supplier, Maria Teresa Benitez-Ugarte, on a cell phone. Mr. Kite, a known drug user with no criminal history, did not have his fingerprints on any of the contents of the bag, including the gun. Mr. Kite was not charged by investigators for possession of this gun and Mr. Kite continues to deny knowledge

*USA v. Kite* - Sentencing Memorandum          8

and/or possession of the gun. There is no evidence that Mr. Kite touched the other contents of the bag; there is, however, evidence to suggest that the bag and non-drug related items in the bag belonged to Mr. Croxton.

Mr. Kite objects to the total offense level of 31 and respectfully requests that the Court find that the correct total offense level is 29.

Mr. Kite would additionally point out 2 typographical areas previously overlooked in the PSR. Specifically, on page 12 ¶ 36, Mr. Kite's birth year is incorrect. He was born in 1998, not 1988. And on page 27 ¶ 27, the total weight of the drugs (1500g + 245g) is 1,725g or 1.72kilograms, but not 3,245 kilograms.

## Recommended Sentence

As mentioned in the PSR, Mr. Kite was previously plead guilty to the conduct alleged in the instant offense in state court and served approximately 3 years of his sentence in prison. The investigation into the larger drug trafficking ring went on for years after Mr. Kite's arrest and his indictment was not unsealed until 2021 and his state sentence, for the same conduct, has now been discharged. However, had Mr. Kite been charged in the instant case sooner, before his state sentence was discharged, he would have been eligible for a departure from the sentencing guideline range under U.S.S.G. §5G1.3(b). Fortunately, U.S.S.G §5K2.23 allows the Court to give Mr. Kite the benefit of that provision and grant a downward departure now. For all of the reasons stated herein above and below, we respectfully request that the Court grant such a downward departure and credit against the sentence imposed by this Court, the time Mr. Kite served on the state court case for the relevant conduct charged in this case.

Mr. Kite further urges the Court to find that a downward variance is appropriate in this case.

As the United States Sentencing Commission emphasizes, a defendant's relevant conduct is the key to proper sentencing. The Court should look at the defendant's actual conduct – before, during and after the offense – and not just the conduct for which he is convicted, to gauge the seriousness of the offense.

Matthew Kite grew up fending for himself in the care of drug addict parents. He was misdiagnosed and prescribed a powerful stimulant, then left to navigate foster care as his depression and anger grew. He began self-medicating these conditions exactly as he had been taught – with powerfully addictive illegal drugs, specifically methamphetamine, and by age 16 he himself was addicted. He made numerous bad choices, but remained a good person – kind, generous and loyal to a fault. Even after he dropped out of school and was basically homeless, Mr. Kite did not turn to crime. His first arrest was the instant offense. And true to his character, Mr. Kite accepted responsibility and his punishment. He is again acknowledging his mistakes and accepting responsibility here.

We are urging the Court to take all of these factors into account when deciding Mr. Kite's punishment and ask specifically, that you find the following:

- That Mr. Kite did not possess a deadly weapon to wit: a loaded gun, during the commission of the instant offense. Therefore, Mr. Kite's Offense Level is 29 and his sentencing guideline range is 87 to 108 months;

- That the Court grant the downward departure permitted by U.S.S.G §5K2.23 and credit Mr. Kite under U.S.S.G. §5G1.3(b) for the time he has already served in relation to this offense; and

- That the Court exercise its discretion to grant a downward variance and sentence Mr. Kite, after the aforementioned downward departure, to 2 years imprisonment, a special

*USA v. Kite* - Sentencing Memorandum          10

assessment fee of $100, no fine and a recommendation that he participate in a residential

drug treatment program, followed by 3 years of supervised release to include specific

conditions requiring Mr. Kite to follow treatment recommendations for his mental health

diagnosis. Mr. Kite respectfully requests the Court recommend that his sentence be

served in Texas, where he has the support of family and friends.

WHEREFORE, Defendant prays that after considering this memorandum, The Court sustain his

objections to the Presentence Investigation Report and Addendum relating to the Sentencing

Guidelines and assess Defendant's punishment in accordance with his recommendations and

requests.

Respectfully submitted,

**THE LAW OFFICE OF KRISTA A. CHACONA**
8705 Shoal Creek Blvd., Ste. 202
Austin, Texas 78757
(512) 617-5555
(512) 366-9623 (fax)

/s/ Krista A. Chacona

By:   _____

Krista A. Chacona
State Bar No. 24029478
kchacona@chaconalaw.com

ATTORNEY FOR DEFENDANT

## CERTIFICATE OF SERVICE

This is to certify that on September 13, 2021, a true and correct copy of the above document
was delivered via email to the following counsel:

*USA v. Kite* - Sentencing Memorandum          11

Mark Marshall
U.S. Attorney's Office – Austin
816 Congress Ave, Ste. 1000
Austin, Texas 78701
*Via email to mark.marshall@usdoj.gov*

/s/  Krista A. Chacona

_____

Krista A. Chacona

# EXHIBIT "A"

## Letters of Support

## Cicely Bennett

**From:** Meghann Kite <megskite7969@gmail.com>
**Sent:** Thursday, June 17, 2021 2:18 PM
**To:** Cicely Bennett
**Subject:** Matthew Kite

**CAUTION - EXTERNAL:**

To whom it may concern,

My name is Meghann Kite, I am the mother of Matthew Kite. I want to tell you a little bit about him in hopes you can get to know the kind of man he is.
Matthew is a fun loving, good hearted, kind, loving, friendly young man and a protector of his family and friends. Honestly, anyone who needs it. Back when he was in school he was part of the special Ed program for being dyslexic. He found himself protecting the " more" special kids from bullies on more than several occasions.  His teachers n his friends loved him for being that person.  He would give the shirt off his back if someone needed it and has done just that on a few occasions. He is always thinking of other people always before himself. That's exactly how he got himself in the position he is in currently. He takes responsibility for his wrong doings always. Just like anyone else on the planet he has made some bad choices. Hanging with the wrong crowd and partaking in things he shouldn't have. He takes responsibility for his actions. He will and has taken his licks on his wrongs/ mistakes.
I could go on and on about how wonderful he is and how much he can n will contribute to this world.  He wants to be a welder and plans on taking courses to become one.. I support him fully.. He is worthy of a second chance! He's young but so full of life and has all the support from his family and friends than u can imagine.
I as his mother am a recovering addict and I have turned my life around completely after getting myself into some trouble. I didn't always have my son in best environment which led him to trusting in some of the wrong people. I take full responsibility for that. Breaks my heart everyday that I made those choices. All I ask is  for you to take in consideration that he hasn't always been dealt a fair hand in life but I know that he will come out of this better and a stronger man with all the love and support we have to offer. The same love and support that was given to myself. It works and it will work for my boy. He has a job with myself at smokey Mo's bbq  where I am the General manager. He will be put to work the day he is released.
Please find it in your heart to be fair to young man that just made a bad choice in taking someone else's charges in the being and now is being prosecuted on them a second time. He has so much life in him and so much good to give.

Thank you

Meghann Kite

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Cicely Bennett**

| | |
|---|---|
| **From:** | Meghann Kite <megskite7969@gmail.com> |
| **Sent:** | Thursday, July 1, 2021 6:23 PM |
| **To:** | Cicely Bennett |
| **Subject:** | Fwd: Mathew's support letter |

**CAUTION - EXTERNAL:**

Another support letter for matthew Kite

Thank you

---------- Forwarded message ---------
From: **Donnie Kite** <Dkite1314@outlook.com>
Date: Thu, Jul 1, 2021, 1:51 PM
Subject: Mathew's support letter
To: megskite7969@gmail.com <megskite7969@gmail.com>

To whom this
concerns,                                                                                          My name is
Donnie Francis and I am the Grandmother of Matthew H Kite. I am writing this letter to show my support and concern
for him in his upcoming sentencing for his criminal case. I would like to start off by saying that Matthew is a very loving
and caring person. Life hasn't been very kind to Matthew so far, he has had some not so good influential people in his
life that has lead him in the wrong direction so far, like a man that said Matthew was like a step son that got him into
selling drugs and doing wrong thimgs, it's sad that this happened to him and now he has to suffer the consequences. I
understand that he is an adult now but was still a teenager when this all supposedly took place and didn't really have
much of a chance to find his place in society and have a good start in adulthood and now it's something that he will have
to deal with for a long time. I'm saddened to hear that he is facing a long time in prison when he has already spent the
last three years in jail or prison, and hopefully that will be taken into consideration. Hopefully he will be considered for
the minimun sentence so that he can get pass this and have a chance at a decent life while he's still young, being in
prison for a long time is not always the answer , some rehabilitation and help with functioning in society is sometimes
better. Matthew is very much Loved by his family and we will support and stand behind him in whatever he is given, I
just would like to ask that it be the
minimum.

                                                                                    Thank
You,                                                                                                              Do
nnie Francis

Sent from Mail for Windows 10

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening
attachments or clicking on links.

1

## Cicely Bennett

| | |
|---|---|
| **From:** | Meghann Kite <megskite7969@gmail.com> |
| **Sent:** | Monday, June 21, 2021 7:36 AM |
| **To:** | Cicely Bennett |
| **Subject:** | Fwd: Matthew Kite |

**CAUTION - EXTERNAL:**

---------- Forwarded message ---------
From: **Misty Gannon** <mrae4brandon@gmail.com>
Date: Mon, Jun 21, 2021, 1:55 AM
Subject: Matthew Kite
To: <cicely_bennett@txwp.uscourts.gov>
Cc: <megskite7969@gmail.com>

To Whom it may Concern,

My name is Misty Gannon. This is a letter concerning Matthew Kite.
I have known Matt since he was a child. Ive watched him grow into friendly, caring, and selfless Man. Whenever there is an injustice happening he is always the first one to render aide. He has rescued me a few times in particular. He is a good man, a tad misguided maybe but overall a potentially up standing individual. He needs a helping hand to lift him into the greatness he can achieve not a prison sentence that will only put him deeper into that dark rabbit hole of despair. He has so much potential and with most of his life at his fingertips it woukd be criminal to rob him of the opportunity to excell at life.

Thank you,
Misty Gannon

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

**Cicely Bennett**

| | |
|---|---|
| **From:** | Meghann Kite <megskite7969@gmail.com> |
| **Sent:** | Thursday, June 17, 2021 4:59 PM |
| **To:** | Cicely Bennett |
| **Subject:** | Fwd: Matthew |

**CAUTION - EXTERNAL:**

Another letter. Thank you.

---------- Forwarded message ---------
From: **Carolyn Hyden** <birdbath4@outlook.com>
Date: Thu, Jun 17, 2021, 4:56 PM
Subject: Matthew
To: megskite7969@gmail.com <megskite7969@gmail.com>

I Carolyn Hyden have known Matthew kite for 10 years. I am both troubled and surprised to hear of this case he has against him. It goes against everything I know of him as a person. Matthew kite was the 1st kid to introduce himself and take my son in as a friend when we had just made a move to a new state and a new neighbourhood. I couldn't have been more thankful, for that turned into a 10 year friendship with his entire family. Matthew is a person who loves his family and friends and holds them above himself he is a protector. The only part that doesn't surprise me about this case is that he would take the blame for someone else's actions. It's really easy for a young man like him or any young person to accidentally fall into the wrong crowd and make some bad decisions but this is by no means defies who he is as a person and the potential he has to become a great man I believe he deserves the chance to prove this.

Sent via the Samsung Galaxy A71 5G, an AT&T 5G smartphone
Get Outlook for Android

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1

## Cicely Bennett

| | |
|---|---|
| **From:** | Meghann Kite <megskite7969@gmail.com> |
| **Sent:** | Thursday, June 17, 2021 3:35 PM |
| **To:** | Cicely Bennett |
| **Subject:** | Fwd: Matthew kite |

**CAUTION - EXTERNAL:**

---------- Forwarded message ---------
From: **Peter Wisniewski** <peterw78613@gmail.com>
Date: Thu, Jun 17, 2021, 1:58 PM
Subject: Matthew kite
To: <megskite7969@gmail.com>

To whom this may concern. My name is Peter  wisniewski   This letter is in regards to Matthew Kite. I've known him good 15 years really friends with his parents that's how we came to know Matthew. His good kid but easily influenced,  But loves his mama. He  Wasn't around the best of role models, And therefore got sucked in some things hes got no business being a part of, A pause no drug dealer angel trying to hang out with who he thought was his mom's friend who had always done right as a kid and got sucked into some things he don't even know nothing about. Matt was good kid played football , Took care Of his 2 younger brothers  Try to help people where  He could.  Matt would give you shirt off his back if he was your friend or help you change your tire in the rain talking to you the whole time but how you suck and he can do it better. Good guy  Deserves a shot at life not be wasted away in federal penitentiary but regard this matty's good guy knows right from wrong you've got some good people behind them hes got work ethics and hes not afraid to go work for a paycheck . I place my support to help get him back into a productive member societee if Deemed an option I'll help any way I can

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1

**Cicely Bennett**

| | |
|---|---|
| **From:** | Meghann Kite <megskite7969@gmail.com> |
| **Sent:** | Thursday, June 17, 2021 1:52 PM |
| **To:** | Cicely Bennett |
| **Subject:** | Fwd: Letter for Matthew. |

**CAUTION - EXTERNAL:**

For matthew Kite

---------- Forwarded message ---------
From: **Jillian Ramirez** <jillian.bonham@gmail.com>
Date: Thu, Jun 17, 2021, 11:39 AM
Subject: Letter for Matthew.
To: megskite7969@gmail.com <megskite7969@gmail.com>

My name is Jillian Ramirez and I just wanted to write this in hopes that everyone can see Matthew Kite the way that I do.
Matthew was my best friend when we were in High School. I know he recently started going down a rough path. I wish I could've supported him the way he has always supported me. Matt was my BIGGEST supporter/encourager when we were younger. Even when Matt was no longer in school he would push me everyday to still attend. Matt would get up early before everyone else just so he could go get breakfast to help encourage me to get up and get ready for the day. He did that almost every day of my Sophomore year. I don't think I would've made it to college without him.
When my family was having a hard time paying rent, Matt went and got a job to help us. Matt has put everyone before himself the majority of his life. If I ever found myself in a tight spot I could call him and he would show up to help me. No matter what it cost him. He would give the shirt off his back if someone else needed it. Even if he needed it more.
I truly believe that Matthew can overcome the hard times he's been going through. If anyone can change and correct their life it's him. I hope he's given a second chance to live his life freely and happily. Because he deserves it.

Sincerely,
Jillian Ramirez

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1

**Cicely Bennett**

**From:** Meghann Kite <megskite7969@gmail.com>
**Sent:** Thursday, June 17, 2021 1:51 PM
**To:** Cicely Bennett
**Subject:** Fwd: Matthew

**CAUTION - EXTERNAL:**

Letter for matthew kite

---------- Forwarded message ---------
From: **KyLee Walenta** <kyleeann9999@gmail.com>
Date: Thu, Jun 17, 2021, 1:32 PM
Subject: Matthew
To: <megskite7969@gmail.com>

I've known Matt pretty much my whole life, he was my family, and he's always been the type to make sure everyone was taken care of before he'd take care of himself, he'd put himself in harms way to make sure no one was hurt that's just how he is, he's got a great mind on him and the biggest heart of anyone I know, and I whole heartedly believe that if he can put his mind to something that interest him and keeps his mind busy he can go really far in life, he needs to learn to put himself first, which is hard for anyone but I know him out of anyone can do it an become a better person an do great in any aspect of life. He's an amazing man, he like most have mad bad choice, but he's always made sure to make up for those choices. He deserves another chance to prove who he really is an show everyone how amazing he really can be. I will always believe in Matt an believe he can, an will become better than who he was before.

Sent from my iPhone

**CAUTION - EXTERNAL EMAIL:** This email originated outside the Judiciary. Exercise caution when opening attachments or clicking on links.

1